IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRANDACE HOPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV1014 |
| | ) | |
| AMERICAN CORADIUS | ) | |
| INTERNATIONAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the undersigned on two motions by Plaintiff: one entitled "Plaintiff's Motion to Sever and Remand State Claims" (Docket Entry 7 (all caps removed)) and one entitled "Plaintiff's Motion to Strike Unsupported Defenses or for a More Definite Statement" (Docket Entry 14 (all caps removed)). The matter is ripe for disposition. For the following reasons, the undersigned determines that venue is improperly laid in the Middle District of North Carolina and recommends the Court transfer this case to the Western District of North Carolina.

**I.   BACKGROUND**

On October 8, 2024, Plaintiff, Brandace Hopper ("Plaintiff"), proceeding *pro se*, filed a Complaint against American Coradius International LLC ("Defendant") in the North Carolina General Court of Justice, Mecklenburg County, District Court Division.[1]  (*See* Docket Entry

---

[1] *Brandace Hopper v. American Coradius International LLC*, No. 24CV046573-590 (Mecklenburg County).  The undersigned takes judicial notice of the docket and filings in said state-court matter, which are publicly available from the North Carolina eCourts portal, https://portal-nc.tylertech.cloud/Portal/ ("Smart Search" for "25CR235373-120" last performed on July 7, 2025).

1

1 ¶ 1.)  Plaintiff brings claims pursuant to state and federal law regarding alleged improper debt collection practices by Defendant.  (*See generally* Amended Complaint ("Am. Compl.")) In its Notice of Removal, Defendant states,

> [t]he District Court of Mecklenburg County is located within the United States District Court for the Middle District of North Carolina.  Therefore, venue for purposes of removal is proper because the United States District Court for the Middle District of North Carolina embraces the place in which the removed action was pending.  *See* 28 U.S.C. § 1441(a).

(*Id.* ¶ 6.)  Plaintiff alleges, in pertinent part, that "[v]enue is proper in this county because Plaintiff resides in Mecklenburg County, and the acts and omissions complained of occurred within this county."  (Docket Entry 3, Complaint, ¶ 3; Docket Entry 8, Am. Compl. ¶ 3.)

## II.  DISCUSSION

### a.  Relevant Legal Standards

This court is required to liberally construe *pro se* complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  The requirement of liberal

---

*Wake Cnty. on behalf of Edwards v. Lesane*, No. 5:24-CV-469-FL, 2024 WL 4235477, at *1 n.2 (E.D.N.C. Sept. 19, 2024); *Philips v. Pitt Cty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("The Court "may properly take judicial notice of matters of public record[.]").

construction does not mean that a federal district court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in that court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). The court has the power to consider *sua sponte* whether venue is proper. *See Jensen v. Klayman*, 115 Fed. Appx. 634, 635-36 (4th Cir. 2004) (per curiam). The statute, 28 U.S.C. § 1391(b), governs where the instant action may be brought:

> (b) Venue in general.--A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In absence of venue, the court has authority *sua sponte* to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 Fed. Appx. at 635-36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002). The statute, 28 U.S.C. § 1406(a), provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Mecklenburg County is in the Western District of North Carolina. 28 U.S.C. § 113(c).

3

Defendant admits that it is a New-York-based limited liability company. (Docket Entry 10 ¶ 5.) Plaintiff attaches to his Complaint a document entitled LIMITED LIABILITY COMPANY ANNUAL REPORT that shows Defendant's principal place of business is in Buffalo, New York (Docket Entry 3 at 8), another document indicating that Defendant's business and mailing addresses are in Arcade, New York (*id.* at 9), and a third document that shows Defendant has another mailing address in Amherst, New York (*id.* at 11). Again, Plaintiff alleges that "[t]he acts and omissions complained of occurred within [Mecklenburg County]" (Am. Compl. ¶ 3), and Defendant "does not contest venue[.]" (Docket Entry 10 ¶ 3.)

Here, the Middle District of North Carolina does not satisfy any of the subsections of 28 U.S.C. § 1391(b) insofar as the instant action is concerned. As a threshold matter, Defendant is incorrect in its assertion that "the Middle District of North Carolina embraces the place in which the removed action was pending" (Docket Entry 1 ¶ 6). Rather, the Western District of North Carolina embraces said place, namely, Mecklenburg County. 28 U.S.C. § 113(c).

Next, the undersigned finds that Defendant's admission that it is based in New York (Docket Entry 10 ¶ 5) and the attachments to the Complaint[2] indicating that Defendant's principal place of business is in New York (Docket Entry 3 at 8-9) are sufficient to determine Defendant is a resident of New York for the purposes of the federal venue statute. *Rare Breed Triggers, LLC v. Garland*, 639 F. Supp. 3d 903, 908 (D.N.D. 2022) (discussing residency status of LLC for purposes of federal venue statute and collecting cases); 28 U.S.C. § 1391(c)(2); *see also DelCore v. Convergent Outsourcing Inc.*, No. 221CV00184RAJJRC, 2021 WL 2689404, at *1 (W.D.

---

[2] "In making a venue determination, the court can consider evidence outside the pleadings and should view the facts in the light most favorable to the plaintiff." *Oldham v. Pennsylvania State Univ.*, 507 F. Supp. 3d 637, 644 (M.D.N.C. 2020) (citation omitted).

Wash. May 6, 2021) (unpublished) (venue is not necessarily proper merely because it is where defendant is "based" or where defendant has its principal place of business; instead, venue is proper and action should be transferred to district "where a substantial part of the events giving rise to [the] claims occurred"), *report and recommendation adopted*, No. 221CV00184RAJJRC, 2021 WL 2682510 (W.D. Wash. June 30, 2021).

Thus, the Middle District of North Carolina is the wrong district for venue under 28 U.S.C. § 1391, as Plaintiff's pleadings allege that Plaintiff is not a resident of the Middle District of North Carolina, that Defendant is not a resident of the Middle District of North Carolina, and that the events that gave rise to the action occurred in the Western District of North Carolina. (*See* Am. Compl. ¶ 3.) "Because venue is improper by statute, [the parties' choice of venue] is almost immaterial to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiff desires to maintain his action, transfer is virtually mandated. *Burgest v. Hollinger*, No. CV 4:21-2357-RMG-TER, 2021 WL 4055384, at *1 (D.S.C. Aug. 2, 2021) (unpublished) (citing *Blevins v. Pension Plan*, 6:10-CV-03261-JMC, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011)), *report and recommendation adopted sub nom. Burgset v. Hollinger*, No. 4:21-CV-2357, 2021 WL 3701836 (D.S.C. Aug. 20, 2021).[3] "The interests of justice weigh heavily in favor of transferring this action. Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Id.* (citing *Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962); *Dubin v. U.S.*, 380 F.2d 813, 815 (5th Cir. 1967)). Thus, the undersigned recommends that the instant action be transferred to the United States District

---

[3] The undersigned notes that although said action is captioned "*Burgset v. Hollinger*[,]" the name of the Plaintiff in said action is Burgest, not Burgset. *See id.*

Court for the Western District of North Carolina, which is the proper forum in which to adjudicate the claims raised in Plaintiff's pleadings.

III. **CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that this case and all its filings be transferred to the United States District Court for the Western District of North Carolina for further handling.[4] Having recommended that this matter be transferred, the undersigned has not reached a recommended ruling upon Plaintiff's two pending motions (Plaintiff's Motion to Sever and Remand State Claims (Docket Entry 7), Plaintiff's Motion to Strike Unsupported Defenses or for a More Definite Statement (Docket Entry 14)). Instead, as to said pending motions (Docket Entries 7, 14), **IT IS FURTHER RECOMMENDED** that these motions be left to the discretion of the transferee court.[5]

　　　　　　　　　　　　　　　　　　　/s/ Joe L. Webster
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

July 8, 2025
Durham, North Carolina

---

[4] Because the court raised the issue of transfer of venue *sua sponte*, pursuant to *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. *Burgest*, 2021 WL 4055384, at *3 n.2 (citing *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C. 1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999)). "Plaintiff's opportunity to file timely objections to this … Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge." *Id.*

[5] *Accord Abid v. Google, Inc.*, No. 1:17CV321, 2017 WL 11048805, at *4 (M.D.N.C. Oct. 12, 2017) (unpublished), *report and recommendation adopted sub nom. Abid v. Google, LLC*, No. 1:17CV321, 2018 WL 8059093 (M.D.N.C. Feb. 13, 2018).